STATE ex rel SHADE, Plaintiff, v. COYNE, Secretary of State, Defendant.

(237 N. W. 733.)

(File No. 7287. Opinion filed July 17, 1931.)

*Bielski & Elliott* and *Boyce, Warren & Fairbank,* all of Sioux Falls, for Plaintiff.

*M. Q. Sharpe,* Attorney General, and *Benjamin D. Mintener,* Assistant Attorney General, for Defendant.

POLLEY, P. J.   The Legislature of 1931 enacted chapter 183, Laws 1931, entitled as follows: "An Act Defining and Classifying Motor Vehicles, Requiring Registration Thereof, and Fixing Compensation for the Use of the Highways; Fixing Amount of License Fees and Registration Thereof by Residents and Non-residents, Fixing Penalties for the Violations Thereof; Providing for the Disposition of Registration Fees to Various Funds and Appropriating Said Funds to Departments and Uses; and Repealing * * *" various sections of existing statutes.   The act provides for the registration and licensing of motor vehicles of various classes for use on the public highways.   It provides penalties for violations of its provisions and appropriates the proceeds of such license fees; in fact, it purports to be a complete motor vehicle code.

Within the time fixed by law for the filing of referendum petitions, certain parties tendered to the Secretary of State a petition signed by a number of electors sufficient to invoke the referendum clause in the Constitution, and requested that said petition be filed in that office and that the said law be placed upon the ballot to be voted on at the next general election.   Acting upon the advice of the Attorney General, the Secretary of State refused to accept or file the said petition, which refusal was based upon the ground that the law in question was not subject to the referendum. Thereupon the said petitioners instituted this action, an original proceeding in mandamus in this court, seeking a peremptory writ directing the Secretary of State to file the petition and submit the said law to the voters at the next general election.

Section 1 of article 3 of the State Constitution reads as follows: "The legislative power of the state shall be vested in a legislature which shall consist of a senate and house of representatives, except that the people expressly reserve to themselves the right to propose measures, which measures the legislature shall enact and submit to a vote of the electors of the state, and also the right to require that any laws which the legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect, except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions. * * *"

Under the provisions of this section all laws enacted by the Legislature may be submitted to the electors for a referendum vote except the two classes named in the last clause of the section: First: "such laws as may be necessary for the immediate preservation of the public peace, health or safety," and, second, "support of the state government and its existing public institutions." It is the contention of the defendant that chapter 183, Laws 1931, is necessary for the support of one of the public institutions of the state government and falls within the latter class of laws and therefore not subject to the referendum clause of the Constitution.

Chapter 183, Laws of 1931, is a revenue law. It fixes the license fees for every class of motor vehicle that is permitted to operate on the public highways of the state. The aggregate of such license fees is a very considerable amount per annum. While it is true as claimed by the plaintiff that a large portion of this revenue is now being collected under the provisions of existing laws, it is also true that many of the license fees as named in the existing law are materially increased, and some classes of vehicles that are not taxed at all under the existing law are added to the taxable list, so that the law in question may increase the present revenue to a greater or lesser extent, and therefore, in this respect, the law in question is different from chapter 246, Laws of 1929, which upon its face could not increase the revenue already provided for in existing laws, but was intended only to replace revenue then being raised from existing laws. State v. Pyle, 55 S. D. 269, 226 N. W. 280, 283.

■ That a law for the support of the state highway system is a law for the support of the state government and its existing public institutions must be conceded. The question then arises whether the law in question is one that is necessary for the support of the state government and its existing public institutions within the meaning of section 1 of article 3 of the State Constitution heretofore quoted.

In the Pyle Case we said: "Respondent suggests that the word 'necessary' is capable of many meanings, and that it may mean expedient, useful, or proper as well as essential, depending on its use. No doubt this is true, but we do not think it requisite to define the word in this case, as it is apparent that the support of the govrenment is wholly unaffected by either delay or final defeat of the measure. While it is intended to raise revenue, and the support of the government is dependent upon revenue, it does not purport to increase revenues, but expressly provides that it shall not do so. It simply shifts the tax from one to another."

State v. Pyle was an original proceeding in mandamus to compel the Secretary of State to file a petition and take such steps as are necessary to submit chapter 246, Laws of 1929, to a vote of the electors under the referendum clause of the constitution. The Secretary of State had refused to file such petition on the ground that it was a revenue law necessary for the support of the state government or some of its existing institutions. Section 5 of said chapter 246 reads as follows: "Provided, however, that from the total amount of taxes to be raised by levy against real and personal property a reduction shall be made equal to the amount of the taxes collected annually under the provisions of this Act, and the balance only, after such reduction has been made shall be levied against such real and personal property; and provided, further that it shall be and is hereby mandatory on all officers concerned to make such reductions." The court held that because of this section of the law the same would not produce any increase in the revenue already derived from other sources, and that it was clear that the Legislature did not intend to raise more revenue but to raise it from another source, and stated that "the law is designed to shift a portion of the general property tax for use of the general fund to purchasers of automobiles." And because of these provisions of the law the court further said: "In the instant case, it is

plain that the support of the government will be unaffected in any manner." And the court held that the law did not come within the exception in the referendum clause of the Constitution, and that the petitioners were entitled to have the law submitted to a vote before it went into effect.

But in this case it does not affirmatively appear from the face of the law, nor from facts of which the court will take judicial notice, that the law in question will not produce additional revenue. It will therefore be assumed from the fact of the enactment of the law that the Legislature deemed the law necessary for the support of the public highways of the state, and it not appearing from the face of the law nor from facts of which the court will take judicial notice that it will not increase the present revenue, the doubt will be resolved in favor of the legislative will and the law will be held to be necessary for the support of the state government and its existing public institutions and not subject to the referendum.

The peremptory writ of mandamus asked for by the plaintiff should be denied, and the application dismissed. It will be so ordered.

CAMPBELL, ROBERTS, WARREN, and RUDOLPH, JJ., concur.